[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #104 AND MOTION TO STRIKE #105
The plaintiff, Dominic Balogh, has filed suit against the defendant, Boehringer-Ingelheim Corporation,[1] for injuries he allegedly sustained at a work site. The plaintiff alleges that he was painting a smokestack while on premises owned by the defendant. The plaintiff further alleges that while standing on an "inappropriate, dangerous and faulty" ladder tied to the smokestack, the plaintiff fell four stories and injured himself
On March 7, 2001, the plaintiff filed a two count complaint alleging negligence and premises liability, and recklessness. On July 26, 2001, the defendant filed an apportionment complaint naming F.J. Dahill Company (Dahill) and Balogh's Painting Restoration Company (Balogh Painting) as apportionment defendants. The defendant alleges in its first count that Dahill, a contractor restoring the smokestack, negligently caused the plaintiffs injuries and, in its second count, that Balogh Painting, an alleged subcontractor also negligently caused the plaintiff's injuries.
On August 1, 2001, the plaintiff filed a motion to strike the first count and a motion for summary judgment against the second count.[2] In his motion to strike the first count, the plaintiff argues that "the apportionment defendant, F.J. Dahill Co., Inc., the plaintiffs employer, is immune from suit under the exclusivity provisions of the Workers' Compensation Act. . . ." In his motion for summary judgment, the plaintiff argues that res judicata and collateral estoppel bar relief on the second count because the issue of Balogh Painting's negligence was litigated before the workers' compensation committee.
On August 14, 2001, Dahill filed a motion to intervene as a co-plaintiff on the ground that it employed the plaintiff. On August 29, 2001, the court, Levine, J., granted the motion to intervene.
 I
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must take as true the facts alleged in the . ., complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, CT Page 2927 the motion to strike must be denied." Gazo v. Stamford, supra, 260.
The plaintiff argues that Dahill was his employer and, therefore, is immune from suit under the exclusivity provisions of the workers' compensation statutes. In response, the defendant argues that Dahill's status as an employer is in issue. The court finds no merit to the defendant's argument.
General Statutes § 52-102b (c) provides in relevant part that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." An employer who is immune in a direct action may not be named as an apportionment defendant. Allen v. Hutchinson, Superior Court, judicial district of New Haven, Docket No. 404673 (April 10, 2001, Blue, J.) (29 Conn.L.Rptr. 317).
Here, the defendant alleges in its apportionment complaint that "[it] had contracted with [Dahill] . . . to perform various services" and that "Dahill entered into a subcontract with Balogh's Painting Restoration [to perform these services]. . . ." Since a subcontractor performs work for and at the behest of the general contractor, this court is of the opinion that Balogh, for all intents and purposes, was an employee of Dahill. Therefore, Dahill, as Balogh's employer, is immune from suit.Allen v. Hutchinson, supra, 29 Conn.L.Rptr. 317. Accordingly, the plaintiff's motion to strike the first count of the apportionment complaint is granted
 II
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
The plaintiff argues that because the apportionment complaint names the plaintiffs sole proprietorship, Balogh Painting, it actually impermissibly CT Page 2928 names the plaintiff as an apportionment defendant. In support of his motion, the plaintiff has submitted the following exhibits: the written findings of the workers' compensation commissioner from the administrative proceeding between Dahill and the plaintiff dated July 7, 2000, the opinion of the workers' compensation review board in the same matter dated July 2, 2001, and an affidavit from the plaintiff. The defendant counters that the apportionment complaint actually names a separate party, Balogh Painting, and, therefore, collateral estoppel does not bar the present action. The court need not reach these issues, however, because the court does not have subject matter jurisdiction over Balogh Painting.
The plaintiffs affidavit attests that Balogh Painting is a sole proprietorship in which the plaintiff occasionally contracts his services and that the plaintiff has never operated a corporation or a limited liability company. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . Generally, an action may maintained with a mere trade name or business interest possessing no legal personality as plaintiff. . . . No action may be brought by, nor may any suit be maintained against, a trade name as an entity. . . . Any such proceeding is a nullity." (Citations omitted; internal quotation marks omitted.) GMA Yacht Sales v. SkagitMarine Distributing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364155 (September 7, 2000, Skolnick, J.) (28 Conn.L.Rptr. 227). According to the plaintiff's affidavit, Balogh Painting is a sole proprietorship and, therefore, it is not a legal entity. Based on the unopposed affidavit of the plaintiff, the court concludes that the defendant improperly seeks apportionment against "a mere trade name or business interest possessing no legal personalty as plaintiff" GMA Yacht Sales v. Skagit Marine Distributing, Inc., supra,28 Conn.L.Rptr. 227. Accordingly, the plaintiff's motion for summary judgment as to the second count of the apportionment complaint is granted.
 III
For the reasons herein stated, the court grants both the plaintiff's motion to strike and motion for summary judgment.
BY THE COURT
____________________ SkolnicK, J.